IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUANE LUSE,

                    ORDER

        Plaintiff,

                    12-cv-50-slc[1]

        v.

STATE OF WISCONSIN, GOVERNOR WALKER,
ATTORNEY GENERAL VAN HOLLEN,
KEVEN ST. JOHN, STEVEN MEANS,
DEPARTMENT OF CORRECTIONS LABOR UNION,
DEPARTMENT OF CORRECTIONS AND DIVISION
OF PRISONS, WARDEN HEPP,
DEPUTY WARDEN DOUGHERTY,
HEAD OF SECURITY SCHULZ, DIRECTOR TYLOR,
DEPUTY SECRETARY COLE, CO. CAPT. OLSEN,
CO. CAPT. FOSTER, CO. CAPT. DUNAHY, CO. DELBEC,
CO. CARLSON, CO. STEW, CO. SOUP, CO. OVERSON,
CO. ERICKSON, CO. SANDERS, CO. GILES, CO. SANDERS,
CO. CLARK, CO. FREEMAN, CO. BENGEL, CO. OETTO,
CO. BURLINGONE, CO. PETERSON, CO. COPUTO, CO. GRIGGS,
CO. DINO, MS. DURUS, MS. KATEMART, MS. SCHULZ,
MS. SEIMANS, MS. ST. GERMAINE, MS. T. MARCO,
MS. SMETANA, MS. SHAMAT, R.O. NEHLS, J. DYFSTROM,
E.J. STRITTMAN, P. MILLER, Q. OURON, B. PETERSON,
KITCHEN STAFF and MAINTENANCE STAFF,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this prisoner civil rights lawsuit, plaintiff Duane Luse asserts several claims under

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

the United States Constitution and state law against several state employees and various staff at the Jackson Correctional Institution. Accompanying plaintiff's complaint is a motion for a preliminary injunction. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Having reviewed the complaint, I conclude that plaintiff may not proceed at this time because his complaint does not comply with the Federal Rules of Civil Procedure. I will give plaintiff an opportunity to file an amended complaint that complies with the rules. Additionally, I will deny plaintiff's motion for a preliminary injunction because his motion is not supported by proposed facts as required by this court's procedures.

DISCUSSION

A. Rule 20 and Rule 8 Problems

Plaintiff has tried to cram multiple lawsuits into one by including in his complaint allegations regarding unrelated events that involve many different defendants both within

2

and outside the Jackson Correctional Institution.  Including all of these unrelated claims against different defendants in the same complaint violates Fed. R. Civ. P. 20.  This rule prohibits a plaintiff from asserting unrelated claims against different defendants or different sets of defendants in the same lawsuit.  A plaintiff may join more than one defendant in a single action only if he asserts at least one claim for relief against each defendant that both arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  In other words, the plaintiff may assert claims against more than one defendant if he asserts that all of the defendants were involved in the same alleged wrongdoing.

Plaintiff's claims can be divided into the following nine lawsuits:

1.  Prison staff violated state and federal law by smoking near inmates.

2.  Prison staff took plaintiff's Bible from him and forced him to have blood drawn, in violation of plaintiff's religious beliefs.  Also, the prison does not provide services for Jehovah's Witnesses.

3.  Plaintiff was denied access to legal reading materials that he needed to litigate his lawsuits.

4.  The health services unit failed to refill plaintiff's prescriptions in a timely manner.

5.  Plaintiff was denied medical care for his back and leg problems.

6.  Plaintiff was denied adequate dental care.

7.  Plaintiff has been placed in solitary confinement for more than 20 days without justification.

8.   Prison officials have issued false conduct reports against plaintiff in

3

retaliation for lawsuits he filed.

9.   Prison staff discriminated against plaintiff by denying him library privileges.

These separate lawsuits involve claims that do not arise out of the same series of transactions or occurrences and do not include the same defendants or subset of defendants as the other claim.  Thus, the claims cannot proceed in a single lawsuit.

Another problem with many of plaintiff's claims is that they do not provide enough detail to give notice to defendants of what the claims are.  This violates Fed. R. Civ. P. 8, which requires plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that plaintiff must allege facts with enough specificity to "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. — , 129 S. Ct. 1937, 1949 (2009). In many instances, plaintiff's allegations do not meet this standard because plaintiff does not identify any particular defendant who was involved in the alleged incidents.  Additionally, plaintiff has provided very few facts about the incidents at issue.

Because plaintiff's complaint violates Rule 20 and Rule 8, I cannot allow plaintiff to proceed at this time, but I will give him an opportunity to file an amended complaint to address these problems.  When filing his amended complaint, plaintiff should decide which of the numbered lawsuits identified above he wishes to pursue.  Then, plaintiff should file an amended complaint that includes allegations related to that lawsuit only.  In his amended complaint, plaintiff should identify clearly which defendants he means to sue and for which

4

claim.  He should explain in as much detail as he can how each defendant was involved in an alleged violation.

If plaintiff wishes to pursue more than one lawsuit, he must file separate lawsuits with new complaints for those claims.  The complaints must meet the requirements of Rules 8 and 20.  Those lawsuits will be assigned separate case numbers.  If plaintiff decides to pursue more than one lawsuit, he should know that he will be required to pay an initial partial filing fee for each lawsuit and will be obligated to pay the $350 filing fee for those additional lawsuits at some point.  If plaintiff decides to bring only one of the lawsuits identified above, his other claims would be dismissed without prejudice, allowing him to bring them at another time.  He would be obligated to pay only the $350 filing fee for this case.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims raised in the lawsuits identified above.  Once plaintiff decides the suit or suits he wants to continue to litigate, if any, and files an amended complaint that complies with Rules 8 and 20, I will screen the individual actions that remain as required under 28 U.S.C. § 1915A.

Plaintiff may have until April 9, 2012, in which to file an amended complaint that complies with the Federal Rules of Civil Procedure.

B.  Preliminary Injunction

Plaintiff filed a motion for a preliminary injunction related to his claim regarding staff

5

smoking at the prison.  He alleges that staff tobacco use causes mental and physical health problems for inmates and that staff retaliate against inmates who complain about it.

Before a plaintiff can receive preliminary injunctive relief in this court, he must comply with the court's <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which I am including with this order.  In particular, plaintiff must file with the court proposed findings of fact supporting his claim and submit with his proposed findings of fact any evidence he has to support his request.  In addition, he must show that he meets the standard for obtaining preliminary injunctive relief.  <u>River of Life Kingdom Ministries v. Village of Hazel Crest</u>, 585 F.3d 364, 369 (7th Cir. 2009) ("A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.  To obtain such relief, the moving party must first demonstrate that it has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm.").

In this case, plaintiff made an effort to show that he meets the standard for obtaining preliminary injunctive relief by filing a brief that addresses the appropriate standard and a statement of facts.  However, although plaintiff filed a statement of proposed facts, he has not cited any evidence to support his factual propositions and has not otherwise explained how he could establish his proposed facts.  In particular, plaintiff has not submitted any affidavits or documents to support his claim that staff smoking causes the types of problems that he alleges.  Accordingly, I am denying his motion for a preliminary injunction at this

6

time.

Finally, I note that it is not clear at this time whether plaintiff will be granted leave to proceed on his claims related to staff tobacco use at the prison in the context of this lawsuit. At this stage, plaintiff's claim related to tobacco use violates Rule 8 and is contained in a complaint that violates Rule 20. Plaintiff should focus on correcting those problems and deciding which claims he wishes to raise in this lawsuit before he attempts to refile a motion for a preliminary injunction.

## ORDER

IT IS ORDERED that

1. Plaintiff Duane Luse's motion for a preliminary injunction, dkt. #6, is DENIED.

2. Plaintiff's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8 and 20. Plaintiff may have until April 9, 2012 to choose one of the lawsuits identified in the body of this opinion and to file an amended complaint that complies with Rule 8 and Rule 20.

3. Plaintiff may have until April 9, 2012, in which to advise the court whether he will prosecute the remaining lawsuits or whether he wishes to withdraw them voluntarily. For any of the remaining lawsuits that plaintiff wishes to pursue, he must file any amended complaint that complies with Rules 8 and 20.

4. If plaintiff does not respond to this order by April 9, 2012, I will enter an order

dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

Entered this 27th day of March, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

**NOTE WELL:** It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter.  The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.

## I. NOTICE

A.    It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B.    The movant must serve the opposing party **promptly** with copies of all materials filed.

C.    Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

## II. MOVANT'S OBLIGATIONS

A.    It is the movant's obligation to establish the factual basis for a grant of relief.

1.    In establishing the factual basis necessary for a grant of the motion, the movant must file and serve:

(a)    A stipulation of those facts to which the parties agree; or

(b)    A statement of record facts proposed by the movant; or

(c)    A statement of those facts movant intends to prove at an evidentiary hearing; or

(d)    Any combination of (a), (b) and (c).

2.    Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that movant considers necessary to a decision in the movant's favor.[1]

(a)    The movant must set forth each factual proposition in its own separately numbered paragraph.

(b)    In each numbered paragraph the movant shall set cite with precision to the source of that proposition, such as

---

[1]  These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the parties' dispute.  The movant should not include facts unnecessary to deciding the motion for injunctive relief.

pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B.    The movant must file and serve all materials specified in II. A with the movant's supporting brief.

D.    If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III.  RESPONDENT'S OBLIGATIONS

A.    When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

   1.    Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

   2.    A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

      (a)    With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part.  If disputed in part, then the response shall identify precisely which part is disputed.

      (b)    For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

B.    The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief no later than the date set by the court in a separately issued briefing schedule.

C.    There shall be no reply by the movant.

---

[2]  The pleadings, however, are not evidence.  Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3]  Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

2

IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly.  It is each party's responsibility to ensure the attendance of its witnesses at any hearing.

3

9