IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUANE LUSE,

                                             ORDER

                Plaintiff,

                                      12-cv-50-slc[1]

    v.

WARDEN HEPP, DEPUTY WARDEN TAYLOR,
HEAD OF SECURITY SCHULZ, DEPUTY SECRETARY COLE,
CORRECTIONAL MANAGEMENT SERVICES DIRECTOR TAYLOR,
CO. CAPT. OLSEN, CO. FOSTER, CO. DUNAHY, CO. DALBEC,
CO. CARLSON, CO. SIMONSON, CO. HAGGLUND, CO. OVERSON,
CO. ERICKSON, CO. GILES, CO. MEROW, CO. CLARK, CO. FREEMAN,
CO. BENGEL, CO. OETTO, CO. BURLINGONE, CO. PETERSON,
CO. COPUTO, CO. SAUNDERS, CO. SANDERS, CO. GRIGGS,
CO. HOFF, CO. HUGHES, CO. COLICKER, CO. MALICKI,
CO. PETERSON, CO. DINO, CO. ANDERSON, CO. HEART,
CO. BOUDER, CO. BIDDE, CO. NELSON, MS. DERUS,
MS. KATZMART, MS. SCHULZ, MS. SEIMANS, MS. ST. GERMAINE,
MS. T. MARCO, MS. SMETANA, MS. SHAMAT, MS. R.O. NEHLS,
MS. DYFSTROM, MS. STRITTMAN, MS. MILLER, MR. QURON,
MS. PETERSON and MR. FTEIGER,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a prisoner civil rights lawsuit brought by plaintiff Duane Luse, an inmate at

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

the Jackson Correctional Institution in Black River Falls, Wisconsin. In an order dated March 27, 2012, I told plaintiff that his complaint violated Fed. R. Civ. P. 20. Additionally, plaintiff's complaint violated Fed. R. Civ. P. 8 because it did not contain enough information about his claims. I gave plaintiff an opportunity to file an amended complaint that complies with the rules.

Plaintiff has filed a proposed amended complaint, dkt. #9, in which he limits the scope of his lawsuit to claims related to his exposure to environmental tobacco smoke at the prison. Plaintiff contends that his exposure to environmental tobacco smoke violates his rights under the Eighth Amendment. In addition, he contends that prison staff are violating several state laws, including Wisconsin's "Clean Indoor Air Act," state laws against bringing contraband into prison and North Carolina's laws against smoking in public places.

After reviewing plaintiff's amended complaint, I conclude it does not comply with Rule 8. Therefore, I will dismiss the complaint and give plaintiff one final opportunity to submit a complaint that complies with the Federal Rules of Civil Procedure.

## DISCUSSION

### A. Eighth Amendment

Under Fed. R. Civ. P. 8(a)(2), a complaint must include enough allegations of fact to make a claim for relief plausible on its face. Aschcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)

2

(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plaintiff's amended complaint contains very few facts. He alleges only that staff at the prison are permitted to smoke on prison grounds near windows, courtyards, walkways and vents and that prisoners are exposed to environmental tobacco smoke as a result. Plaintiff makes no specific allegations about the numerous defendants he has named in the caption of his amended complaint, though I assume that they are either policymakers who permit employees to smoke at the prison or are prison staff who allegedly smoked near plaintiff at some time.

      The United States Constitution does not require prisons "to provide a completely smoke-free environment, except for prisoners who have asthma or some other serious respiratory condition that even a low level of ambient smoke would aggravate." Powers v. Snyder, 484 F.3d 929, 932 (7th Cir. 2007). However, a prisoner may state a claim under the Eighth Amendment for exposure to environmental tobacco smoke if the smoke is causing a present serious health problem or is posing an unreasonable risk of serious damage to the prisoner's future health. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). To state a claim on the basis of a present injury, a prisoner must allege that prison officials knew of and disregarded "serious existing health problems" caused by the second-hand smoke. Id.

3

To state a claim on the basis of a future injury, a prisoner must allege that prison officials knew of and disregarded exposure to levels of second-hand smoke that "pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993); Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001).

Plaintiff's allegations are so vague that I cannot determine whether he is attempting to state a claim for present or future injury. He alleges only that the smell of smoke is "upsetting" and that second-hand smoke is a "health hazard" and can cause "anxiety, depression, issues, and health issues." Plt.'s Am. Cpt., dkt. #9, at 5. Plaintiff does not allege that he is presently suffering from any serious health problems caused or aggravated by environmental tobacco smoke. Henderson, 196 F.3d at 846 (prisoner who allegedly suffered from "breathing problems, chest pains, dizziness, sinus problems, headaches and loss of energy" caused by exposure to tobacco smoke failed to state claim for present injury because his ailments were "relatively minor" and "not sufficiently serious to be constitutionally actionable"); Oliver v. Deen, 77 F.3d 156, 158-61 (7th Cir. 1996) (concluding at summary judgment stage that asthmatic prisoner failed to demonstrate that he had serious medical need for non-smoking environment even though his exposure to second-hand smoke aggravated his asthmatic condition causing him to suffer chest pains, difficulty breathing, dizziness, nausea and other signs of discomfort). With respect to potential future injuries, plaintiff provides no details about the levels or frequency of his exposure to environmental

4

tobacco smoke.  Thus, it would not be reasonable to draw an inference that plaintiff "is being exposed to unreasonably high levels of [environmental tobacco smoke]" likely to cause future health problems.  Helling, 509 U.S. at 35-36.

Plaintiff alleges that he complained to some supervisory officials at the prison about his exposure to tobacco smoke.  However, plaintiff says nothing about whether he complained to the all of the persons he has named as defendants in his complaint. Additionally, plaintiff does not allege that any defendant was aware that plaintiff was being exposed to levels of second-hand smoke that posed an unreasonable risk of serious damage to his present or future health.  In other words, it is not clear from plaintiff's complaint whether any defendant disregarded a known risk to plaintiff's health or safety.  Therefore, plaintiff has not alleged enough facts to state a claim against any defendant under the Eighth Amendment.

Because plaintiff's complaint does not contain enough facts to satisfy Rule 8, I must dismiss it without prejudice.  I will provide plaintiff one final opportunity to file a complaint that complies with Rule 8.

B. State Law Claims

Because I am dismissing plaintiff's sole federal claim, it is appropriate to dismiss his state law claims as well.  Segal v. Geisha NYC LLC, 517 F.3d 501, 506 (7th Cir. 2008)

5

("Because the district court properly dismissed Segal's sole federal-law claim and nothing bars Segal from pursuing his [state law] claims in state court, it was completely appropriate for the court to relinquish its jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c)(3)."). However, if plaintiff intends to file a second amended complaint that includes state law claims, he should know that he cannot assert claims in federal court under certain of the state laws he cited in his present complaint. In particular, a Wisconsin prison is not subject to the state laws of North Carolina. Thus, he cannot assert claims under the North Carolina statutes that he cites in his amended complaint. Additionally, plaintiff cannot enforce prison guidelines or handbooks that are created for prison staff. Such guidelines or handbooks do not create a cause of action for prisoners.

Finally, Wisconsin's Clean Indoor Air Act, Wis. Stat. § 101.123, prohibits smoking in "enclosed places" in correctional facilities. Wis. Stat. § 101.123(2)(a)(5m). An "enclosed place" means "a structure or area that has . . . [a] roof [and] [m]ore than 2 substantial walls." Id. § 101.123(1)(ak). Thus, plaintiff cannot state a claim under the Act by alleging that prison staff smoked outside or on the exercise yard. He must allege that prison staff smoked in an "enclosed place" and that he was "affected" by it. Id. § 101.123(9) ("[A]ny affected party may institute an action in any court with jurisdiction to enjoin repeated violations of this section.").

6

ORDER

IT IS ORDERED that Plaintiff Duane Luse's amended complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 7, 2012 to file a second amended complaint that complies with Rule 8. If plaintiff does not file a second amended complaint by May 7, 2012, I will enter an order dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

Entered this 24th day of April, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge